IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY AND MOUNT VERNON FIRE INSURANCE COMPANY, | : : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 1:07-CV-1476-JOF |
| v. | : : | |
| PC GENERAL AGENCY, INC., | : : | |
| Defendant. | : | |

**OPINION AND ORDER**

This matter is before the court on Defendant PC General Agency, Inc.'s Motion for Leave to File Motion for Summary Judgment [34] and Motion to Expedite Consideration of Defendant's Motion [37].

**I.   Background**

On June 21, 2007, Plaintiffs United States Liability Insurance Company ("USLIC") and Mount Vernon Fire Insurance Company ("MVFIC") filed a complaint against Defendant for breach of contract, breach of fiduciary duty, tortious interference with a fiduciary duty, and conversion and requested punitive damages.  Plaintiffs are insurance companies

specializing in underwriting low premium, low hazard specialty insurance products. Their complaint arose out of the following facts.

On or about April 15, 2004, USLIC and MVFIC each entered into insurance agency agreements with Kenneth I. Tobey, Inc. ("KIT"). Under these agreements KIT was to receive and accept proposals for insurance and collect, receive and receipt premiums under those accepted proposals. KIT, as an insurance agent, was to hold the premiums in a fiduciary capacity and deposit them into a premium trust account in which it would have no interest. On or about April 30, 2006, KIT entered into a company management agreement with Defendant under which Defendant would manage KIT's insurance business. On or about October 20, 2006, Defendant filed a Chapter 11 bankruptcy petition on behalf of KIT. It appears from the documents of that bankruptcy that KIT had actually agreed to be purchased by the Defendant in April 2006, and Defendant solely ran KIT's business. Between April 30, 2006, and April 20, 2007, neither PC General nor KIT remitted the $159,785 in premium payments it owed to USLIC and MVFIC under the insurance agency agreements. Further, it appears that Defendant placed the premium funds given to it by KIT in its general operating account.

Defendant answered Plaintiffs' complaint, generally denied Plaintiffs' allegations, asserted a number of affirmative defenses, and counterclaimed. In its counterclaim Defendant stated that Plaintiffs assumed a duty of loyalty to the Defendant; Plaintiffs

2

violated that duty by contributing to a shortage in KIT's trust account; Defendant incurred damage as a result of Plaintiffs' breach of duty; Plaintiffs' actions warrant punitive damages; and Plaintiffs have been stubbornly litigious. Defendant demanded reasonable attorneys' fees in prosecuting its counterclaim. Plaintiffs answered Defendant's counterclaims, and the parties engaged in limited discovery. On January 2, 2008, the parties filed a joint motion to extend the time to complete discovery until March 17, 2008, which the court granted.

Defendant obtained new counsel on April 17, 2008. Three days later Defendant filed the instant Motion for Leave to File Motion for Summary Judgment requesting the court to forgive its failure to file such a motion within twenty days of the close of discovery and asking the court to allow them to file before May 7, 2008. Plaintiffs contest Defendant's request. Defendant filed the instant Motion to Expedite on April 24, 2008, contending that it needs an immediate answer so that it my either prepare for trial or complete a motion for summary judgment by May 7, 2008.

**II.     Discussion**

The issue before the court is whether or not to allow Defendant to file a motion for summary judgment out of time. Discovery closed in this matter on March 17, 2008. No motions for summary judgment were filed. Defendant justifies its delay by arguing (1) Defendant's production of documents to Plaintiffs was delayed because of difficulties in coordinating document production with the Bankruptcy Trustee fo KIT, and (2) Defendant's

3

lead counsel incurred unavoidable delays due to his service as Judge Advocate General for the Georgia Army National Guard.

Summary judgment motions are an integral part of the Federal Rules of Civil Procedure, which are designed as a whole "to secure the just, speedy, and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1985). In this court, however, motions for summary judgment must be filed not later than twenty days after the close of discovery unless otherwise ordered by the court. LR 56.1(c). In the present case, the court believes that allowing Defendant to file its motion, despite its delay, would promote the interests of judicial economy and justice.

### III.   Conclusion

Accordingly, Defendant's Motion for Leave to File [34] is GRANTED and Defendant's Motion to Expedite and for a Hearing [37] is DENIED as moot.

**IT IS SO ORDERED** this 25th day of April 2008.

                                                    s/ J. Owen Forrester
                                                    J. OWEN FORRESTER
                           SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)